UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONG CHUL SON, *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, PA, *et al.*, <br><br> Defendants. | Civ. No. 17-cv-01641 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motions to dismiss filed by defendants Gary Brownstein, SEPTA Transportation, Court of Common Pleas Montgomery County, PA, and City of Philadelphia, PA (collectively, "Defendants"). *See* ECF Nos. 18, 19, 21, and 26. Plaintiff has not filed an opposition to any of the motions to dismiss. The motions are decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions are **GRANTED**.

II. **BACKGROUND**

Plaintiff filed a complaint (the "Complaint") in the instant matter on March 8, 2017. Compl., ECF No. 1. The Complaint names the following defendants: City of Philadelphia Mayor's Office, SEPTA Transportation, Jack M. Bernard, Esq, Gary Brownstein, Esq., Court of

1

Common Pleas, Main Clerk Office. Id at 1-2. The Complaint asserts that this Court has jurisdiction over the present matter based on 28 U.S.C. § 1331 because Plaintiff is bringing a Section 1983 civil rights claim, and under 28 U.S.C. § 1332 because Plaintiff is a citizen of New Jersey and Defendants are citizens of Pennsylvania. Id. at 2. The Complaint alleges that Plaintiff's mother was tragically killed in 1987 when she was run over by a SEPTA bus. Id. at 2-3. Plaintiff retained defendant Mr. Bernard to file a lawsuit on his behalf, but Mr. Bernard failed to bring the action in a timely manner and the statute of limitations on Plaintiff's claims elapsed. Id. at 3. Plaintiff then retained defendant Mr. Brownstein to sue Mr. Bernard for malpractice. Id. at 4. Mr. Brownstein reached a settlement on Plaintiff's behalf for $32,586.54 but Plaintiff alleges that Mr. Brownstein entered into the settlement without Plaintiff's knowledge or consent. Id. In December 2008, Plaintiff visited the Philadelphia Police Department to investigate Mr. Brownstein. Id. at 5. In August 2011, Plaintiff filed a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania against Mr. Brownstein. Id. In July 2016, Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania asserting nearly identical claims against the same defendants at issue in the present case. Id.

The Complaint, construed generously, states the following claims against Defendants. First, Plaintiff states that "Philadelphia City must disclose and clarify where the responsibility lies" for missing possessions that Plaintiff did not find when he was shown his mother's belongings after her accident in 1987. Id. at 3. Second, Plaintiff states that "SEPTA Transportation must acknowledge that they hired a drug-using driver to cause [Plaintiff's mother's] murder and compensate the loss and regain honor of the dead. Id. Third, Plaintiff states that "Mr. Bernard must acknowledge that he had an intention to withdraw [from Plaintiff's case]

2

and must take responsibility for his action." Id. at 4. Fourth, Plaintiff alleges that there are "five (5) findings that are not TRUE" in the settlement agreement entered into by Mr. Brownstein and accordingly Plaintiff "cannot approve or accept the distribution of estate made to [his] siblings and decided to return the money $32,586.54 in full amount because 'Willful False' by Defendant Gary Brownstein." Id.

### III. LEGAL STANDARD

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). First, the court must determine whether the 12(b)(1) motion presents a facial attack or a factual attack. *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Unlike facial attacks, for which the court must consider the allegations of the complaint in the light most favorable to the plaintiff, "the presumption of truth does not extend to factual attacks, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," including "weigh[ing] and consider[ing] facts outside the pleadings to decide whether subject matter jurisdiction is proper." *Hood v. Mercer-Bucks Orthopaedics*, No. 14-3427, 2014 WL 5465879, at *2 (D.N.J. Oct. 28, 2014) (citing *Mortensen*, 549 F.2d at 891, and *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

An example of a factual attack on subject matter jurisdiction is a situation where, "while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *Aichele*, 757 F.3d at 358.

3

Federal courts have limited jurisdiction; thus, "a plaintiff may invoke the jurisdiction of a federal court only pursuant to a statutory grant of authority to adjudicate the asserted claim." *Clinton Cnty. Comm'rs v. U.S. E.P.A.*, 116 F.3d 1018, 1021 (3d Cir. 1997). Under 28 U.S.C. § 1332, federal courts have jurisdiction over cases between "citizens of different States," where the amount in controversy exceeds $75,000. For the purposes of diversity jurisdiction, a corporation is "'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also 'of the State where it has its principal place of business.'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1332(c)(1)).

## IV. **DISCUSSION**

Defendants raise a litany of arguments in their motions to dismiss ranging from failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) to immunity from suit under the Eleventh Amendment of the United States Constitution. *See, e.g.* Def. Br. 4, ECF No. 26-1; Def. Br. at 2, ECF No. 24. The Court must first address the jurisdictional challenges raised by defendant Mr. Brownstein in his motion to dismiss, however, as jurisdiction over the claims and parties in this case is necessary for this Court to proceed to the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Mr. Brownstein's motion to dismiss raises numerous jurisdictional challenges in support of dismissal, stating "[t]here is no basis for jurisdiction with this Court as no federal question is involved, and the total settlement of $50,000 is less than the jurisdictional requisite for diversity jurisdiction,"

4

and "[t]his Court lacks jurisdiction here since everything alleged to have occurred by Plaintiff took place in the Commonwealth of Pennsylvania." Def. Br. at 3, ECF No. 18. The Court will address these arguments in turn.

The Complaint states the Court has jurisdiction over this case under 28 U.S.C. § 1331 as "the Question of Fact is Lawsuit under the federal civil rights statute, 42 U.S.C. § 1983." Compl. at 2, ECF No. 1. Despite referring to a federal statue, however, the Complaint does not actually contain any allegations or claims that can be construed as arising under 42 U.S.C. § 1983 no matter how liberally the Complaint is read.[1] As the Complaint does not properly plead a federal question, this Court does not have subject-matter jurisdiction under 28 U.S.C. § 1331. *See Waterfall Victoria Mortg. Tr. 2010-SBCI REO LLC v. Albanes*, No. 16-4751, 2017 WL 916443, at *2 (D.N.J. Mar. 8, 2017) (citing *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (internal quotation marks omitted) ("The existence of federal question jurisdiction is governed by the well-pleaded complaint rule. Under the well-pleaded complaint rule, federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint."). As Plaintiff has failed to properly plead facts supporting the existence of a federal question sufficient to give this Court subject-matter jurisdiction, the Court next turns to diversity jurisdiction. Plaintiff alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332 as "Plaintiff statute of Citizenship is New Jersey, and Defendants statute of Citizenship is Pennsylvania." Compl. at 2, ECF No. 1. 28 U.S.C. § 1332 requires both complete diversity of citizenship and an amount in

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations omitted).

controversy greater than $75,000. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different State."). The only dollar amount referenced in the Complaint is $32,586.74 and nowhere in the Complaint does the Plaintiff allege that he is seeking more than $75,000 as required to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) ("[W]here a defendant or the court challenges the plaintiff's allegations regarding the amount in question, the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims."). The Complaint fails out set out sufficient factual allegations to show that this Court has subject-matter jurisdiction under 28 U.S.C. 1331 or 28 U.S.C. 1332. Accordingly, the Complaint must be dismissed.[2]

## V. CONCLUSION

For the reasons above, the Complaint is dismissed. Mindful of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days to file an amended complaint containing factual allegations sufficient to show that this Court has subject-matter jurisdiction over the case.

An appropriate order accompanies this Opinion

**DATED:** May 30, 2019

CLAIRE C. CECCHI, U.S.D.J.

---

[2] The Court notes that Plaintiff's previous lawsuit filed in the United States District Court for the Eastern District of Pennsylvania was also dismissed as that court found it lacked subject-matter jurisdiction over Plaintiff's claims. *See Son v. City of Philadelphia, et al.*, 16-cv-04011, Order, ECF No. 13.